UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 2⁓ A 1:03

U.S. DISTRICT COURT
HARTFORD CT.

BRISTOUT BOURGUIGNON

v.

HEINZ SPIELVOGEL, et al.

PRISONER
Case No. 3:00CV2465(CFD)(WIG)

RULING AND ORDER

The plaintiff, Bristout Bourguignon ("Bourguignon"), filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges that the defendants, who are police officers for the City of Norwalk, Connecticut, employed excessive force against him in violation of the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.¹ Three of the defendants–Yturbe, Bardos and Roselle–have filed a motion to dismiss on the ground that the claims against them are time-barred. For the reasons that follow, the defendants' motion [Doc. # 51] is GRANTED.²

The limitations period for filing a § 1983 action in Connecticut is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. §

---

¹Bourguignon recited the Eighth Amendment in his claim for relief, but it appears it is the Fourth Amendment that would apply.

²On May 22, 2002, the Court notified Bourguignon and the defendants of the statute of limitations issue and invited further briefing as well as an indication whether Bourguignon was still pursuing his claims against Defendant Spielvogel. See Doc. # 33. Subsequently, Defendants Yturbe, Bardos, and Roselle filed the instant Motion to Dismiss. Bourguignon has filed papers in opposition and has also filed an amended complaint on July 2, 2002 as well as other papers indicating his intention to proceed against Spielvogel.

1983). The incidents described in the complaint occurred on November 21, 1998. Thus, Bourguignon had until November 21, 2001, to file his claims against the defendants.

Bourguignon timely commenced this action against two defendants, Officer Speilvogel and the Norwalk Police Department, by complaint received by the court on December 26, 2000. On April 26, 2001, the court dismissed all claims against the defendant Norwalk Police Department, because that entity is not subject to suit under 42 U.S.C. § 1983, and ordered service of the complaint on defendant Speilvogel.

On January 2, 2002, the court received an amended complaint adding as defendants officers Bardos, Yturbe and Roselle. The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Applying this "mailbox rule" to Bourguignon's amended complaint, the court concludes that the earliest the amended complaint could have been given to prison officials for mailing was December 8, 2001, the date Bourguignon signed it. Thus, the amended complaint was filed no earlier than December 8, 2001, seventeen days after the limitations period expired.

Because Bourguignon filed his claims against defendants Yturbe, Bardos and Roselle after the limitations period expired, Bourguignon can pursue those claims only if his amended complaint relates back to the date of the original complaint. See James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15-84 (3d ed. 1997) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run.").

2

Pursuant to Rule 15(c), an amendment in a pleading relates back to the date of the original pleading where "the amendment changes the party or naming of the party against whom a claim is asserted" and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). As to (B), the Court should "focus on the new party's (here, the three new defendants) appreciation of the fact that the failure to include it in the original complaint was an error and not a deliberate strategy." Moore's Federal Practice § 15.19(3)(d) at 15-90. With his proposed amended complaint the plaintiff must allege a reason for the mistake in omitting the additional defendants from the original pleading. In his papers filed in opposition to the Motion to Dismiss and other filings, Bourguignon has stated his reason for not naming these defendants initially: he did not know the names of these three officers at the time of the incident and only learned their names through police reports. See Doc. # 34.

Bourguignon did not change the defendant against whom his original claims were asserted: Spielvogel. Instead, he added new claims and three new defendants. It was also not a mistake in identity as to the three new defendants, but a failure to discover their identity. Finally, there is no information presented by the plaintiff which shows that these three particular police officers expected to be defendants. Thus, his motion does not fall within the parameters of Rule 15(c)(3). See Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1996), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) ("We are compelled to agree with our sister circuits

that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.").

Accordingly, the defendants Yturbe, Bardos and Roselle's Motion to Dismiss [doc. #51] is GRANTED. This case will proceed as to defendant Spielvogel only.

**SO ORDERED** this 23rd day of March, 2004, at Hartford, Connecticut.

Christopher F. Droney
**United States District Judge**

4