UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 29  P 6: 20

U.S. DISTRICT COURT
HARTFORD, CT.

BRISTOUT BOURGUIGNON        :
                            :           PRISONER
      v.                    :   Case No. 3:00CV2465(CFD)(WIG)
                            :
HEINZ SPIELVOGEL, et al.    :

### RULING AND ORDER

The plaintiff, Bristout Bourguignon ("Bourguignon"), filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges that Norwalk, Connecticut, police officer Spielvogel, the only remaining defendant, used excessive force against him on November 21, 1998.

Bourguignon has filed a motion for temporary restraining order and preliminary injunction to obtain medical care for injuries he claims to have suffered as a result of defendant Speilvogel's actions.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407

F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

The court must have in personam jurisdiction over a person before it can validly enter an injunction against him. See Doctor's Assocs., Inc. Reinert & Duree, P.C., 191 F.3d 297, 302

(2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

Bourguignon is currently in the custody of the Connecticut Department of Correction and is confined at the Walker Correctional Institution. He states that, in September 2002, he was seen by a Department of Correction physician and referred to an ophthalmologist at the University of Connecticut Health Center for a consultation regarding corneal abrasions. The following year, he was diagnosed with trauma to the cornea and nerve problems in the cornea. Bourguignon asks the court to order defendant Speilvogel to schedule an appointment for him to receive specialized treatment.

Defendant Speilvogel is a Norwalk, Connecticut, police officer. Bourguignon now is a sentenced inmate. He is in the custody of the Connecticut Department of Correction and correctional officials are responsible for his medical care. See Connecticut Department of Correction Administrative Directive 8.1(1), http://www.ct.gov/doc ("The Department shall provide a range of health services to deliver an appropriate standard of care to the inmates under the care of the agency.") The directive requires the Department of Correction to provide access to routine and specialized care and to arrange for off-site

3

examination or other care where required. See Administrative Directive 8.1(4). Thus, any required medical care must be provided by the Department of Correction. Bourguignon provides no authority indicating that a municipal police department bears any responsibility for scheduling medical care for an individual no longer in its custody. The obligation of a municipal police department to provide medical treatment applies only to persons within the custody of the department. See Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983) (holding that the Due Process Clause requires the responsible government or governmental agency to provide medical care to suspects **in police custody** who have been injured while being apprehended by the police) (emphasis added).

Because Bourguignon is no longer in the custody of the Norwalk Police Department and no correctional officials are defendants in this case, the court cannot issue any orders regarding Bourguignon's medical care.

Bourguignon's motion for temporary restraining order and preliminary injunction [doc. #64-1, 64-2] is **DENIED**.

**SO ORDERED** this 29Th day of March, 2004, at Hartford, Connecticut.

Christopher F. Droney
United States District Judge

4