UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAR 29 P 6: 20

U.S. DISTRICT COURT
HARTFORD, CT.

BRISTOUT BOURGUIGNON    :
                             :    PRISONER
v.                          :    Case No. 3:00CV2465(CFD)(WIG)
                             :
HEINZ SPIELVOGEL, et al.  :

RULING AND ORDER

Pending are four motions to compel filed by plaintiff, Bristout Bourguignon ("Bourguignon"), and a motion for protective order filed by the only remaining defendant, Officer Heinz Spielvogel ("Spielvogel") of the Norwalk, Connecticut, Police Department. For the reasons that follow, two of Bourguignon's motions are granted in part and the remaining motions are denied.

I. Background

The complaint arises from Bourguignon's arrest on November 21, 1998. In the complaint, Bourguignon describes Spielvogel's involvement in the incident as follows: Spielvogel stopped his car in response to a report that Bourguignon assaulted his girlfriend at a local club earlier that evening. Spielvogel did not believe Bourguignon or his girlfriend when they told him that the report was incorrect. In the course of effecting the arrest of Bourguignon, Spielvogel pulled him from the car, held him in a headlock, beat him with his nightstick, punched him in the face

and kicked him in the head.

Bourguignon includes in the complaint claims of use of excessive force and police brutality, racial profiling and racial discrimination. He also alleges that he suffered emotional distress. Thus, the court liberally construes the complaint to raise claims under federal and state law.

II. Discussion

　A.　Motions to Compel [docs. ##62 & 65]

Before filing a motion to compel, Bourguignon must comply with local court rules. Rule 39(a)2, D. Conn. L. Civ. R., requires that the parties confer in good faith and discuss the discovery dispute in detail in an attempt to resolve the issue without the assistance of the court. If the discussion fails to resolve the dispute, in whole or in part, the party filing the motion to compel must provide an affidavit certifying the attempted resolution. In addition, Rule 39(a)3 requires that the memorandum in support of the motion to compel include "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be appended to the memorandum as exhibits.

Bourguignon has not filed a memorandum in support of either motion, an affidavit documenting his attempts to resolve this dispute with defendants' counsel, or copies of the discovery

requests.  Thus, motions to compel [docs. ##62, 65] are denied without prejudice.

    B.    <u>Motions to Compel [docs. ##54 & 63] and Motion for Protective Order [doc. #55]</u>

Bourguignon's remaining motions to compel pertain to the same discovery requests as the previous motions.  In his first motion, Bourguignon seeks responses to requests for production dated March 9, 2003, and March 30, 2003.  In the second motion, he seeks responses to interrogatories dated March 31, 2003.

In response to the first motion to compel, Spielvogel filed a motion for protective order.  He states that Bourguignon has filed a "slew of discovery motions and discovery requests" and argues that clearly "discovery in its totality exceeds the limit as set forth in Rule 33(a)."  Spielvogel has not attached copies of the allegedly excessive discovery requests to his motion.

Rule 33(a), Fed. R. Civ. P., provided that a party may not file more than twenty-five interrogatories, including subparts, without obtaining leave of court.  The interrogatories served by Bourguignon consist of twenty-five questions, one of which contains three sub-parts.  Thus, Bourguignon has exceeded the permissible number of interrogatories by two questions.  Although technically in violation of the rule, the court considers the interrogatories to be a good faith attempt to comply with limitation.

The other discovery requests, seeking production of

documents, are governed by Rule 34, Fed. R. Civ. P. Rule 34 does not include any maximum number of documents that can be requested. If Spielvogel is considering the interrogatories and requests for production together to support his characterization of Bourguignon's discovery requests as excessive, he provides no support for extending the restriction on the number of interrogatories to other discovery requests.

Spielvogel also has filed a copy of his March 19, 2003 objection to Bourguignon's production request. He argues that "the use of force by the officer would be reviewed under the objective reasonable standard of <u>Graham v. Connor</u>. Therefore, any subjective intent or prior incidents would not be relevant."[1] As indicated above, Bourguignon has included claims of racial discrimination, racial profiling and possible state law claims in addition to a Fourth Amendment claim of use of excessive force. Speilvogel has not considered the possible relevance of the requested documents to these other claims. Accordingly, Spielvogel's motion for protective order is denied.

Bourguignon's interrogatories consist of specific questions addressed to various aspects of the incident resulting in his arrest. Despite the specific questions, Spielvogel has objected to each question on the ground that it is "overly broad and vague and not reasonably intended to lead to the discovery of

---

[1] The court assumes that Spielvogel has referenced <u>Graham v. Connor</u>, 490 U.S. 386 (1989).

4

admissible evidence at the time of trial." To the extent that the interrogatories seek information regarding specific actions of police officers other that Spielvogel, the objection is sustained. Bourguignon's motion to compel [doc. #63] is granted as to the interrogatories reproduced below.

Specifically, Spielvogel is directed to respond to the following interrogatories:

> 2. Did the officers perform any breatholizer before or after the arrest?
>
> 3. Did [Officer Spielvogel] seek medical attention for any injuries resulting from the arrest in question?
>
> 4. Did the officers interview or take any witness statement from Ms. Okamoto after the arrest?
>
> 5. How long has [Officer Spielvogel] been employed by the Norwalk Police Department?
>
> 6. Did [Officer Spielvogel] employ P.R. 24 night stick during incident describe as "brief struggle"?
>
> 7. Did [Officer Spielvogel] employ cap-stun (pepper spray) during incident described as "brief struggle"?
>
> 8. Approximately how long did incident described as "brief struggle" take?
>
> 9. Full names of officers who escorted the plaintiff to the hospital immediately following the arrest.
>
> 11. How many officers were involved in the incident described as "brief struggle"?
>
> 12. At any time did [Officer Spielvogel] employ choke-hold during incident described as "brief struggle"?

5

18. Has [Officer Spielvogel] been sanctioned or suspended for police brutality or racial profiling?

19. Has [Officer Spielvogel] been investigated for police brutality or racial profiling?

20. Did the plaintiff get physically violent toward police officers while at the police station?

22. Was the plaintiff kicked by [Officer Spielvogel] at any time during incident described as "brief struggle"?

23. Approximately how many times was the plaintiff punched [by Officer Spielvogel] during incident described as "brief struggle"?

24. What type of restraint holds were used by [Officer Spielvogel] during the incident in question?

25. Is [Officer Spielvogel] currently employed by the Norwalk Police Department?

Bourguignon's other motion to compel relates to two production requests, seeking various documents relating to statistics regarding racial profiling, departmental policy and practices and specific information regarding claims made against Spielvogel. Spielvogel objects to the requests on the ground that they are overbroad and vague and not designed to lead to the discovery of admissible evidence. As indicated above, Spielvogel's objection considers the requests only as they relate to a claim of use of excessive force. The information requested appears relevant to Bourguignon's claims of racial profiling and

6

discrimination as well as his possible state law claims.

Accordingly, Spielvogel is directed to respond to the requests for productions listed below. The responses may be limited to the year 1998. Because Bourguignon does not include any claim of improper supervision, the motion to compel is denied as to requests designed to elicit information regarding improper supervision.

Specifically, Spielvogel is directed to provide the following information requested in the March 9, 2003 request for production:

> 1. From the annual report detailing patterns or trends in the used of force for the year 1998, any references demonstrating a pattern of use of excessive force by Officer Spielvogel.
>
> 2. Any documentation of legal actions, excluding this case, filed against Heinz Spielvogel for police brutality, racial profiling and racism occurring the year 1998.
>
> 3. Any documentation of complaints made against Spielvogel during 1998 for false arrest or improper motor vehicle citations.
>
> 4. Documentation of any incidents in which Heinz Spielvogel, while on duty, used PR-24 to disable motorist during the year 1998.

Speilvogel is directed to provide the following information requested in the March 30, 2003 request for production:

> 1. Names, addresses and, if any, statements of witnesses leading to arrest of the plaintiff.
>
> 2. Police logs of any communication concerning the plaintiff or his vehicle prior

7

      to the incident disputed.

      3. Any statement, oral or written, also interview given by Ms. Akiko Okamoto during or after the incident in question.

In a June 2002, letter to Bourguignon, counsel for Spielvogel stated, in response to a request for victim and witness statements, that there were no additional reports. This statement is ambiguous in that Bourguignon could have construed the statement to mean no additional police reports. If there are other statements that were not included in the police report already provided, Spielvogel is directed to provide copies of those statements in response to this request. If there are no statements, he should so respond.

III. Conclusion

Bourguignon's motions to compel [**docs. ##62, 65**] are **DENIED** without prejudice for failure to comply with local court rules. Bourguignon's motions to compel [**docs. ##54, 63**] are **GRANTED** to the extent that Speilvogel is directed to respond to the interrogatories and production requests specifically enumerated in and as modified by this ruling. The motions are **DENIED** in all other respects. Spielvogel's motion for protective order [**doc. #55**] is **DENIED**.

Spielvogel shall respond to the specified interrogatories and production requests within **thirty (30)** days from the date of this order and file a notice with the court documenting his

compliance. Spielvogel's response will conclude discovery in this case. Any motion for summary judgment shall be filed within **sixty (60)** days from the date of this order.

    **SO ORDERED** this 29th day of March, 2003, at Hartford, Connecticut.

_____
Christopher F. Droney
United States District Judge