UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 12 D 2:41
U.S. DISTRICT COURT
BRIDGEPORT, CONN

BRISTOUT BOURGUIGNON  :  DOCKET NOW
V.                   :  3:00 CV 2465 (CFD)(WIG)
                     :
HIENZ SPIELVOGEL, et al :  APRIL 7, 2004

## OBJECTION TO THE COURT RULING AND ORDER

The Plaintiff objects to the Court Ruling and Order dated March 23, 2004 for following reasons as stated below:

1. The Plaintiff BRISTOUT Bourguignon, filed this civil rights action Pro-se and in forma pauperis pursuant to 28 U.S.C. § 1915. The Plaintiff was abused and brutalized by the defendants, who are Police officers for the City of Norwalk, Connecticut, employed excessive force against him in violation of the fourth amendment to the US. Constitution and 42 U.S.C. § 1983.

2. On January 2, 2002 the Plaintiff submitted an amendment complaint adding three of the defendants — Yturbe, Bardos and Roselle and also the Plaintiff mention Hienz Spielvogel in the amended complaint including the

Docket Number 3:00 CV 2465 (CFD)(WIG) which can Relates back to the date of the original complaint.

See James W. Moore, Moore's Federal Practice § 15.19 (3)(a) at 15-84 (3d ed. 1997)("Rule 15 is the only vehicle available that garrantee the Plaintiff to amend the complaint and change or add a defendant after the statue of limitation has run.

3. The Plaintiff did in fact named all defendants in the Amended complaint including Docket No. 3:00 CV 2465 (CFD)(WIG) from the original complaint and the Plaintiff knew the defendants by names and badge number. Therefore his motion does fall within the parameters of Rule 15 (c)(3). See Barrow v. Wetherfield Police Dept. 66 F.3d 466, 469 (2d Cir. 1996) Op'n mod'd and Aff'd 74 F.3d 1366, 1367 (2d Cir. 1996)

4. The Court shouldn't granted the defendants motion to dismiss because the Plaintiff had made a mistake in the amended complaint. According to Rule 15 (c)(3) "mistake" is not Restricted to cases misnomer the Court should permit an amendment to Relate back to add defendant that were not named at the outset

but were added later when Plaintiff realized that the defendants should have been named. "Moore's Federal Practice § 15.19 (3)(d) at 15-90. The Plaintiff must set forth a reason for the mistake in omitting the proposed additional defendants from the original pleading. Even if the Plaintiff did not know the identities of the new defendants, however lack of knowledge is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dept. 66 F 3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd 74 F 3d 1366, 1367 (2d Cir. 1996)

5. The Rule also provides that the claim relates back if the relevant statute of limitation would permit it to relate back. Since § 1983 action use state statutes of limitations, state "Relation back" Law can be applied. Merrit v. County of Los Angeles, 875 F. 2d 765, 768 (9th Cir. 1989)

Since the defendants officer's superiors had been served and they were present at the incident, the claim related back. Ayala Serrano v. Lebron Conzales, 909 F. 2d 8, 12 (1st Cir. 1990)

6. The Court has to realize that this rule has been applied liberally in prisoner civil rights cases involving defendants identified after the limitations period had run. In cases involving employees or officials of police and corrections agencies, several courts have held that if the new defendants are represented by the same lawyer as the old ones and the lawyer knew or should have known that they would be joined, the claim relates back.

However, if the court finds that the claim against the new defendants is different from the original claim, or that the failure to name the new defendants was not just a mistake, the claim will not relate back.

Wherefore, accordingly to the defendants' motion to dismiss (doc. #51) was granted by the Court. The Plaintiff request the Court to reconsider reverse this decision and denied the defendants' motion to dismiss on the grounds that the Plaintiff's motion does fall within the parameters of Rule 15 (c)(1)(2) and the defendants's attorney knew or should have known that they would be joined and therefore the claim relates back.

The Plaintiff

Bustout Bourguignon

CERTIFICATION

This is to certify that a copy of the following was sent to ATTORNEY M. JEFFRY SPAHR, P.O. BOX 798, NORWALK, CT 06856-0798

BRISTOUT BOURGUIGNON