UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRISTOUT BOURGUIGNON<br><br>Plaintiff,<br><br>vs.<br><br>HEINZ SPIELVOGEL<br><br>Defendant. | CIVIL ACTION NO.<br>3:00CV2465 (CFD)<br><br><br>FEBRUARY 16, 2007 |

### REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed: December 26, 2004
Date of Defendant's Appearance: August 22, 2001
Date of Defendant's Responsive Pleading: October 11, 2001
Date of Amended Complaint: July 20, 2002
Date of Answer to Amended Complaint: May 13, 2005
Order Appointing Pro Bono Counsel for Plaintiff: October 3, 2006

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and Local Civil Rule 26(e), a conference was held on February 16, 2007. The participants were,

*For Plaintiff:*
Joseph M. Pastore III, Esq.
Michel Bayonne, Esq.
Joanne Rapuano, Esq.
Dreier LLP
One Landmark Square, 20th Fl.
Stamford, CT 06901

*For Defendant:*
M.Jeffry Spahr, Esq.
Corporate Counsel's Office
125 East Ave., Room 237
City of Norwalk
Law Department
Norwalk, CT 06851

### I.   *CERTIFICATION*

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with

{00226719.DOC;3}

their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### Subject Matter Jurisdiction:

Jurisdiction over the subject matter of this litigation exists under The Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, as it applies to state prisoners. § 1983 provides that anyone who, under color of state or local law, causes a person to be deprived of rights guaranteed by the U.S. Constitution, or federal law, is liable to that person. As to those claims not arising under federal law, but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. § 1367.

### Personal Jurisdiction:

Bristout Bourguinon is a resident of the State of Connecticut, having his principal place of residence in Suffield, CT. Mr. Bourguignon is currently incarcerated at Northern Correctional Institution in Somers, CT. Mr. Bourguignon is 39 years old, having a birth date of October 19, 1967.

Heinz Spielvogel formerly was a resident of the State of Connecticut, having his principal place of business in Norwalk, CT.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff Bristout Bourguignon, a black male, alleges that on November 21, 1998, at or about midnight, he was severely brutalized by various officers of the South Norwalk Police Department. After leaving a Club Velvet, a nightclub in South Norwalk, Plaintiff

{00226719.DOC;3}    2

and his girlfriend (Ms. Akiko Okamoto), an Asian female, were enroute home when they were stopped by at least 7 police cars. The officers stated they received a report that Plaintiff and Ms. Okamoto were fighting and that Ms. Okamoto was physically assaulted. Despite the couple denying this happening, it is asserted that Officer "Hinespell Vogel" put Plaintiff in a deadly headlock, and another officer starting beating him with a night stick. This resulted in Plaintiff requiring serious medical treatment at Norwalk Hospital (no medical documentation has been provided). Injuries alleged included head, neck, and spinal cord deficiencies, broken fingers, and severe memory loss. In addition, Plaintiff claims that his girlfriend, two months pregnant at the time, was kicked in the stomach, and lost her unborn baby as a result. Plaintiff asserts he was then arrested and charged with 3rd degree assault, threatening, interfering with, and resisting arrest. Ms. Okamoto was arrested and charged with interfering with an arrest and subsequently released on a promise to appear.

Plaintiff's causes of action include racial profiling, police brutality, racism, violation of civil rights, violation of constitutional rights, physical pain, mental anguish, fright and shock, and embarrassment.

**B.    *Defenses of Defendant***

Defendant Heinz Spielvogel, in his Answer and Special Defenses, dated May 13, 2005, denies all material allegations contained in the Plaintiff's Amended Complaint, dated July 20, 2002. As a special defense, Defendant claims that at all times relevant hereto he is entitled to qualified immunityand, as to any state law claims, governmental immunity both pursuant to Connecticut common law and Connecticut General Statute

{00226719.DOC;3}                    3

Sect. 52-557n. They also claim that any injuries sustained by the Plaintiff were proximately caused by his own actions.

### C. *Defenses and Claims of Third-Party Defendants*

Any and all actions against third-party defendants have been dismissed.

### IV. *STATEMENT OF UNDISPUTED FACTS*

Counsel certifies they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. At present, Plaintiff and Defendant will not stipulate to any facts concerning the events on the night of November 21, 1998.

### V. *CASE MANAGEMENT PLAN*

#### A. *Standing Order on Scheduling in Civil Cases*

The parties request a modification of the deadline in the Trial Memorandum Order, dated September 13, 2006, in that the deadline for submitting a Trial Memorandum Order should be extended until June 1, 2008.

#### B. *Scheduling Conference With The Court*

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

#### C. *Early Settlement Conference*

The parties certify that they are still exploring settlement at this time, and the parties do not request an early settlement conference.

#### D. *Joinder of Parties and Amendment of Pleadings*

{00226719.DOC:3}                                4

1. Plaintiff intends to file an Amended Complaint. Plaintiff should be allowed until May 1, 2007 to file said Amended Complaint or to file any additional motion to amend the pleadings.

2. Defendant has until May 15, 2007 to join additional parties.

E. *Discovery*

1. The parties anticipate that discovery will be needed concerning the following:

    A. Whether Plaintiff was unlawfully abused by Defendant;

    B. Whether Defendant discriminated against Plaintiff on the basis of race;

    C. Whether Defendant violated Plaintiff's civil rights.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence upon approval of this Plan and will be completed (not propounded) by November 1, 2007.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of eight (8) depositions of fact witnesses and Defendant will require eight (8) depositions of fact witnesses. All depositions of fact witnesses will be complete by November 1, 2007.

5. The parties agree to serve a maximum of twenty-five (25) Interrogatories.

6. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2007. Depositions of any such experts will be completed by July 1, 2007.

7. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 25, 2007. Depositions of any such experts will be completed by August 15, 2007.

8. A damages analysis will be provided by Plaintiff and/or Defendant according to the schedule set for expert witnesses in ¶¶ 6 and 7 above.

**F.    *Dispositive Motions***

Dispositive motions will be filed on or before March 1, 2008.

**G.    *Joint Trial Memorandum***

Plaintiff has submitted a Motion for Extension of Time to file his Joint Trial Memorandum. The Joint Trial Memorandum required by the September 13, 2006 Order will be filed by Plaintiff on June 1, 2008.

**H.    *Trial Readiness***

The case will be ready for trial by July 1, 2008, or within sixty (60) days after a ruling on any dispositive motions, whichever is later.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

By: s/s
Joseph M. Pastore III, ct11431
Michel Bayonne, ct24628
Joanne Rapuano, ct27102
*Attorneys for Bristout Bourguignon*
Dreier LLP
One Landmark Square, 20th Fl.
Stamford, CT 06901
Phone: (203) 425-9500
Fax: (203) 425-9595

{00226719.DOC;3}                             6

jpastore@dreierllp.com
mbayonne@dreierllp.com
jrapuano@dreierllp.com

By: _____S/S_____
M. Jeffry Spahr
City Hall
P.O. Box 798
City of Norwalk
Law Department
Norwalk, CT 06856

{00226719.DOC;3}                            7